IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | |
|---|---|
| Michael E. Reed, ) | |
| ) | C.A. No. 1:09-1744-MBS |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | **ORDER AND OPINION** |
| Aiken County, Ronnie Young and Clay ) | |
| Killian, in their individual capacities, ) | |
| ) | |
| Defendants. ) | |

Plaintiff Michael E. Reed filed the within action on June 30, 2009 against Aiken County, South Carolina ("the County"), and Ronnie Young ("Young") and Clay Killian ("Killian"), in their individual capacities. Entry 1. Plaintiff alleges claims for 1) violation of his First Amendment rights to freedom of speech and freedom of association as to the County; and 2) civil conspiracy as to Killian and Young ("collectively the "Individual Defendants"). Compl. ¶¶ 12-18. This case is before the court on the Individual Defendants' Motion for Judgment on the Pleadings, which was filed on December 3, 2009. On January 20, 2010, Plaintiff responded. On January 29, 2010, the Individual Defendants replied.

**I.     Facts**

The facts, as alleged in Plaintiff's complaint are as follow. Plaintiff served as Aiken County's tax assessor until he resigned in July 2007. Compl. ¶ 1. At all relevant times, Young was the Council Chairman for Aiken County, and Killian was the County Administrator. Compl. ¶ 3. Plaintiff alleges that he reported several issues to Killian and others. Compl. ¶ 8. However, according to Plaintiff, no action was taken due to interference by Young and others who were trying to protect a friend from complaints. Compl. ¶¶ 8-9. Plaintiff alleges that his reports angered Young,

who began to "harass and vilify" Plaintiff through Killian, creating a hostile work environment. Compl. ¶ 10. Plaintiff alleges that these actions forced him to resign as tax assessor. Compl. ¶¶ 10-11.

**II. Discussion**

    A.    <u>Standard</u>

Federal Rule of Civil Procedure 12(c) states: "After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." The same standard used to decide Rule 12(b)(6) motions is used to decide Rule 12(c) motions. *Independence News, Inc. v. City of Charlotte*, 568 F.3d 148, 154 (4th Cir. 2009).

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). This plausibility standard requires a plaintiff to demonstrate more than "a sheer possibility that a defendant has acted unlawfully." *Id.* It requires the plaintiff to articulate facts that, when accepted as true, "show" that the plaintiff has stated a claim entitling him to relief, i.e., the "plausibility of 'entitlement to relief.'" *Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009) (quoting *Iqbal*, 129 S. Ct. at 1949; *Twombly*, 550 U.S. at 557). Therefore, a defendant's motion for judgment on the pleadings should be granted only if, after accepting all well-pleaded allegations in the plaintiff's complaint as true and drawing all reasonable factual inferences from those facts in the plaintiff's favor, it appears certain that the plaintiff cannot prove any set of facts in support of his claim entitling him to relief. *Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999). To state a claim for civil conspiracy, Plaintiff must plead the following elements: 1) a combination of two

2

or more persons; 2) joining for the purpose of injuring the plaintiff; and 3) causing special damage to the plaintiff. *Lawson v. S.C. Dep't of Corr.*, 532 S.E.2d 259, 261 (S.C. 2000).

> B. Whether Plaintiff's Claim for Civil Conspiracy Against Killian Fails Because Plaintiff was an At-Will Employee

The Individual Defendants contend that because Plaintiff served as tax assessor at Killian's pleasure, Killian cannot be held liable. Entry 13-1 at 4; Entry 19 at 1. The Individual Defendants rely on *Angus v. Burroughs & Chapin Co.* (*Angus II*), 628 S.E.2d 261, 262 (S.C. 2006) in support of their position. The facts underlying *Angus II* are that the Horry County Council terminated the employment of Linda Angus, the county administrator. *See Angus v. Burroughs & Chapin Co.* (*Angus I*), 596 S.E.2d 67, 69 (S.C. Ct. App. 2005). Angus was a public official who served at-will. *Id.* Angus brought an action for civil conspiracy against four members of the Horry County Council in their individual capacities; the Myrtle Beach Herald and its publisher; Burroughs & Chapin Co.; and certain individuals. *Id.* Angus alleged that these parties conspired to have her employment terminated. *Id.* The trial judge granted summary judgment to all of the defendants on the ground that the termination of at-will employment cannot support a cause of action for civil conspiracy. *Id.*

The Court of Appeals of South Carolina affirmed the trial court's decision to grant summary judgment to the Horry County Council members on the basis of the Supreme Court of South Carolina's holding in *Ross v. Life Ins. Co. of Virginia*, 259 S.E.2d 814 (S.C. 1979), that an at-will employee may not maintain a civil conspiracy action against her employer for a discharge. *Id.* at 70. In affirming, the court held that "the council members acted within their authority when they fired Angus and they cannot be sued for doing what they had a right to do." *Id.* The Supreme Court of South Carolina also affirmed grant of summary judgment to the council members based upon its

holding in *Ross*. *Angus II*, 628 S.E.2d at 262. Thus, an at-will employee may not maintain a civil conspiracy action against his employer based upon a termination. *Angus II*, 628 S.E.2d at 262.

An individual who serves at another's pleasure is employed at-will. *See Botchie v. O'Dowd*, 432 S.E.2d 458, 460 (S.C. 1993) (deputies who serve at the pleasure of a sheriff are employed at-will); *see also Arnett v. Kennedy*, 416 U.S. 134, 181 (1974) (listing cases where individuals could be terminated at will or at a specific person's pleasure). At-will employment is generally "terminable by either party at any time, for any reason or for no reason at all." *Prescott v. Farmers Tel. Co-op., Inc.*, 516 S.E.2d 923, 925 (S.C. 1999); *see also Culler v. Blue Ridge Elec. Co-op., Inc.*, 422 S.E.2d 91, 92 (S.C. 1992) ("The doctrine [of employment at will] in its pure form allows an employer to discharge an employee without incurring liability for good reason, no reason, or bad reason.").[1] Aiken County Ord. § 22-31 provides in relevant part: "[t]here is hereby created by the county council the office of tax assessor for the county. The appointment of the tax assessor shall be made by the county administrator and the tax assessor shall serve at the pleasure of the county administrator." *Id*. This ordinance makes clear that Plaintiff's position was at-will and that Plaintiff would have no cause of action based upon a termination.

The Individual Defendants read *Angus II* to preclude all civil conspiracy actions by at-will employees against their employers. Such a reading of *Angus II* is overly broad. Contrary to the Individual Defendants' position, the *Ross* and the *Angus* cases do not address whether an at-will employee may maintain a civil conspiracy based upon poor treatment that allegedly leads to a resignation. In the court's view, the at-will employment doctrine articulated in *Angus* and *Ross* does

---

[1] However, an employer is precluded by Title VII and other statutes from terminating an employee for a discriminatory reason. *See Owen v. Carpenters' Dist. Council*, 161 F.3d 767, 773 (4th Cir. 1998).

4

not govern actions by employees based on harm other than termination such as isolation and ostracization. In this case, Killian did not terminate Plaintiff. Rather, Plaintiff alleges that Killian, in concert with Young, engaged in a conspiracy to harm Plaintiff, isolate and ostracize him, and cause him special damages, which forced him to resign. Compl. ¶ 16. The *Ross* and *Angus* cases are inapposite. Plaintiff has properly stated a civil conspiracy claim against Killian.

> C. Whether Plaintiff's Claim for Civil Conspiracy is Barred Because Plaintiff Was an At-Will Public Official

The Individual Defendants argue that, Plaintiff, as a public official, cannot sue anyone for civil conspiracy. Entry 13-1 at 5. The court disagrees. Under South Carolina law, a public official who is employed at-will cannot maintain a civil conspiracy claim against *members of the public*. *See Angus II*, 628 S.E.2d at 262. In *Angus II*, the Supreme Court of South Carolina noted: "In our democratic society, a public official is answerable to the public; members of the public are not third-party interlopers. Because of [the plaintiff's] status as a public official, we conclude her action for civil conspiracy cannot be maintained against [the newspaper and the developer]." *Id.*

The court does not read *Angus II* as precluding at-will public officials from maintaining civil conspiracy actions against their employers under any circumstances. Rather, *Angus II* stands for the proposition that members of the public possess the right to call for the termination of an at-will public official. This holding of *Angus II* has no application to the particular facts of this case. The Individual Defendants allegedly engaged in misconduct in the context of their positions within Aiken County and not as members of the public. Thus, even if Plaintiff was a public official,[2] when he was employed as tax assessor, his civil conspiracy claim against the Individual Defendants would not be

---

[2] The court expresses no opinion on Plaintiff's status as a public official.

barred based upon that status. *See Angus II*, 628 S.E.2d at 262. Plaintiff has properly stated a claim against the Individual Defendants.

**III.    Conclusion**

The Motion for Judgment on the Pleadings (Entry 13) of Defendants Young and Killian is **denied**.

**IT IS SO ORDERED.**

s/ Margaret B. Seymour<br>
The Honorable Margaret B. Seymour<br>
United States District Judge

July 26, 2010
Columbia, South Carolina